## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

AMBER KING,                                    CIVIL ACTION

        Plaintiff,                          No.  2:22-cv-0058

    v.

COLONIAL MOTORMART d/b/a COLONIAL
COLLISION CENTER,

        Defendant.                          JURY TRIAL DEMANDED

## CIVIL COMPLAINT

Plaintiff, Amber King, by undersigned counsel files this Civil Complaint and in support alleges the following.

### I. Jurisdiction

1.      The jurisdiction of this Court is invoked pursuant to Section 107 of the Americans with Disabilities Act, 42 U.S.C. §12117(a), incorporating by reference Section 706 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5; and Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5.

2.      Plaintiff has satisfied all the procedural and administrative requirements set forth in Americans with Disabilities Act (ADA) and Section 706 of Title VII of the Civil Rights Act of 1964 ("Title VII"), in that:

    a.      Plaintiff filed a timely written charge of disability and age discrimination and retaliation with the Equal Opportunity Employment Commission on August 17, 2021, and cross filed with the Pennsylvania Human Relations Commission;

    b.      Plaintiff received a Notice of Right to Sue from the EEOC dated December 28, 2021; and

1

c.    This action was filed with this Court within 90 days of receipt of that Notice.

## II. The Parties

3.    Plaintiff Amber King ("King") is an individual who resides at 116 Kassal Street, Homer City, Indiana County, Pennsylvania 15748.

4.    Defendant, Colonial Motormart d/b/a Colonial Collision Center ("Defendant") is Pennsylvania corporation with a place of business located at 97 N 2nd Street, Indiana, Indiana County, Pennsylvania 15701.

5.    At all times relevant hereto, Defendant is a covered entity within the meaning of the ADA, 42 U.S.C. §12111(2) and (5)(A) because it is an employer engaged in industry affecting commerce and has more than 15 persons employed for each working day in each of 20 or more calendar weeks in the current and/or preceding year.

6.    At all times relevant hereto, Defendant is also an employer within the meaning of Title VII , 42 U.S.C. §2000e(b) because it employed 15 or more individuals.

## III. Factual Background

7.    King was employed by Defendant from May 5, 2021 to July 30, 2021.

8.    King last held the position of Secretary/Administrator.

9.    She was diagnosed with Multiple Sclerosis and diverticulitis, which she disclosed to Defendant at the time of her hiring.

10.    King informed Defendant, at the time of her hiring, that she would require time off for medical appointments relating to the care of her disabilities.

11.    King's attendance was never discussed as a problem while she was employed.

2

12.     King was able to perform her job with or without a reasonable accommodation.

13.     King was also the only female employee at her job site.

14.     King's supervisor, Bob Roche, criticized her for leaving work early to get her son when his daycare closed because of the heat.

15.     Roche often looked down King's shirt and ogled female customers.

16.     Some customers complained to King about Roche's inappropriate sexual behavior toward female customers and King.

17.     On July 27th, King asked Roche to cease his inappropriate sexual behavior toward her.

18.     On July 28th, King saw that her job had been posted online.

19.     Defendant officially terminated King on July 30, 2021.

20.     Defendant provided King with a Position Statement, indicating that King's alleged attendance issues were one of the reasons for her termination.

**Count I**
**Americans with Disabilities Act: Discrimination**

21.     Plaintiff incorporates by reference the allegations in paragraphs 1 through 20 as if fully restated herein.

22.     As described above, Plaintiff is an individual with a disability, and Defendant perceived her as having a disability.

23.     Plaintiff was qualified for the Secretary/Administrator position and could perform all essential functions of the position. Thus, Plaintiff was a qualified individual with a disability under 42 U.S.C. §12111(8).

24.     Defendant fired King because of her actual and/or perceived disability, in violation of the ADA, 42 U.S.C. §12112(a).

25.     Defendant's violation of the Americans with Disabilities Act was intentional and with reckless disregard of Plaintiff's federally protected right to be free of discrimination on the basis of her disability.

26.     As a direct and proximate result of Defendant's illegal and discriminatory actions, Plaintiff has suffered and continues to suffer damages, including but not limited to:

       a.     Lost wages and benefits;

       b.     Emotional distress, anxiety, humiliation, and inconvenience;

       c.     Costs and expenses of litigation; and

       d.     Attorney fees.

WHEREFORE, Plaintiff demands judgment against Defendant for Defendant's violation of the Americans with Disabilities Act as follows:

       a.     Back pay and benefits from the time Defendant refused to accommodate her, until the time of trial, with interest;

       b.     An injunction precluding Defendant from discriminating or retaliating against Plaintiff in any manner prohibited by the Americans with Disabilities Act;

       c.     Either reinstatement or front pay.

       d.     Compensatory damages for her emotional distress, anxiety, humiliation, and inconvenience;

       e.     Punitive damages for Defendant's reckless disregard of Plaintiff's federally protected rights;

       f.     A reasonable attorneys fee and costs and expenses of litigation; and

4

g.    Such other legal and equitable relief as the Court deems just and proper.

**Count II**
**Title VII: Sexual Harassment**

27.    Plaintiff incorporates by reference the allegations in Paragraphs 1 through 26 as if fully restated herein.

28.    The unwanted and unwelcome conduct of a sexual nature by Roche and Defendant subjected King to a hostile work environment, because of her sex, and therefore discriminated against King in a term and condition of employment because of her gender in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e-2(a)(1).

29.    The actions of Defendant were intentional and were undertaken with reckless indifference to Plaintiff's federally protected right to not be subjected to unwelcome and unwanted conduct of a sexual nature.

30.    As a direct and proximate result of Defendant's actions, Plaintiff suffered humiliation, inconvenience, mental distress, embarrassment, loss of income, and benefits.

WHEREFORE, King demands judgment against Defendant and the following relief:

a.    That the Court enter a judgment declaring Defendant's actions to be unlawful and in violation of Title VII;

b.    That Defendant be ordered to reinstate Plaintiff and provide her accumulated seniority, fringe benefits and all other rights;

c.    That Defendant be required to compensate Plaintiff for the full value of wages she would have received had it not been for Defendant's illegal treatment of Plaintiff, with interest from the date of discharge, in addition to reimbursement for lost pension, social security, experience, training opportunities and other benefits;

d.    That the Court award Plaintiff compensatory damages as a result of Defendant's violations of Title VII;

e.     That the Court award Plaintiff punitive damages;

f.     That Defendant be enjoined from retaliating against Plaintiff in any manner that violates Title VII;

g.     That Plaintiff be awarded against Defendant the costs and expenses of this litigation and a reasonable attorney fee; and

h.     That the Court grant Plaintiff additional relief as may be just and proper.

**Count III**
**ADA: Retaliation**

31.     Plaintiff incorporates by reference the allegations in paragraphs 1 through 30 as if fully restated herein.

32.     Defendant retaliated against King by firing her because she requested an accommodation in the form of time off for medical appointments, due to her disability.

WHEREFORE, Plaintiff demands judgment against Defendant for Defendant's violation of the Americans with Disabilities Act as follows:

a.     Back pay and benefits from the time Defendant refused to accommodate her, until the time of trial, with interest;

b.     An injunction precluding Defendant from discriminating or retaliating against Plaintiff in any manner prohibited by the Americans with Disabilities Act;

c.     Either reinstatement or front pay.

d.     Compensatory damages for her emotional distress, anxiety, humiliation, and inconvenience;

e.     Punitive damages for Defendant's reckless disregard of Plaintiff's federally protected rights;

f.     A reasonable attorneys fee and costs and expenses of litigation; and

6

g.      Such other legal and equitable relief as the Court deems just and proper.

**Count IV**
**Title VII: Retaliation**

33.      Plaintiff incorporates by reference the allegations in paragraphs 1 through 32 as if fully restated herein.

34.      Defendant fired King because she opposed conduct made illegal under Title VII of the Civil Rights Act of 1964, in violation of 42 U.S.C. §2000e-3(a).

35.      Defendant's retaliation was intentional and taken with reckless indifference to King's federally protected right to not be retaliated against for opposing conduct made illegal under Title VII.

36.      As a direct and proximate result of Defendant's actions, King lost her job and suffered lost wages and benefits, as well as humiliation, inconvenience, mental distress and embarrassment.

WHEREFORE, King demands judgment against Defendant and the following relief:

a.      That the Court enter a judgment declaring Defendant's actions to be unlawful and in violation of Title VII;

b.      That Defendant be ordered to reinstate Plaintiff and provide her accumulated seniority, fringe benefits and all other rights;

c.      That Defendant be required to compensate Plaintiff for the full value of wages she would have received had it not been for Defendant's illegal treatment of Plaintiff, with interest from the date of discharge, in addition to reimbursement for lost pension, social security, experience, training opportunities and other benefits;

d.      That the Court award Plaintiff compensatory damages as a result of Defendant's violations of Title VII;

e.      That the Court award Plaintiff punitive damages;

f.      That Defendant be enjoined from retaliating against Plaintiff in any manner that violates Title VII;

g.      That Plaintiff be awarded against Defendant the costs and expenses of this litigation and a reasonable attorney fee; and

h.      That the Court grant Plaintiff additional relief as may be just and proper.

Respectfully submitted,

**EDGAR SNYDER & ASSOCIATES**

/S/ John E. Black, III

John E. Black, III
Pa. I.D. No. 83727

US Steel Tower, 10th Floor
600 Grant Street
Pittsburgh, PA 15219
(412) 394-4446

Attorney for Plaintiff

8